**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN RODRIQUEZ, AKA Benjamin Rodriguez Vallejo, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 20-73333 <br><br> Agency No. A095-441-304 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025**
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Petitioner Benjamin Rodriguez Vallejo is a native and citizen of Mexico and

has two U.S. citizen children, a son and daughter. Petitioner seeks review of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's[1] denial of cancellation of removal on the basis that Petitioner failed to show that his "removal would result in exceptional and extremely unusual hardship" to his children. 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We deny the petition.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review the agency's hardship determination under the "highly deferential" substantial evidence standard. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002 (9th Cir. 2025). Thus, the agency's hardship determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

For us to reverse the agency's hardship determination, Petitioner must show that the record compels the conclusion that his children's hardship would "deviate[], in the extreme, from the hardship that ordinarily occurs in removal cases." *Id.* at 1007. Petitioner fails to make that showing.

The agency found that Petitioner's children would remain in the U.S. with

---

[1] For simplicity, we refer to the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) collectively as "the agency."

their mother (Petitioner's wife) upon his removal and that they "are in good health, other than his [daughter's] anxiety." But the agency found that Petitioner's daughter's anxiety was not serious or debilitating, given the lack of any diagnosis or prescribed medication. The agency also determined that the economic hardship on Petitioner's children would not be out of the ordinary because he failed to show that he and his wife would "be unable to find employment or provide for the family's basic needs" upon his removal. The agency further found that Petitioner's children would have support from several family members in the U.S. and that Petitioner's son, who is employed and contributes financially to the household, could continue those contributions.

In light of the agency's factual findings, which are unreviewable, *Wilkinson*, 601 U.S. at 225, the agency reasonably concluded that any hardship to Petitioner's children would not be "substantially different from or beyond that normally encountered in the course of removal."[2]

---

[2] On appeal, Petitioner claims that his wife's health conditions will greatly exacerbate the hardship faced by their children. Petitioner did not make this argument in his brief before the BIA and thus the BIA did not expressly address it. In any event, Petitioner's evidence failed to show that his wife's medical conditions were serious and would substantially contribute to the hardship faced by their children. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (noting that the BIA need not "discuss each piece of evidence submitted"). And Petitioner makes no argument rebutting the "presum[ption] that the BIA thoroughly consider[ed] all relevant evidence in the record." *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir.), *opinion amended on denial of reh'g sub nom. Szonyi v. Barr*, 942 F.3d 874 (9th Cir. 2019).

**PETITION DENIED.**